IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYLER KEUP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV117 |
| | ) | |
| v. | ) | |
| | ) | |
| LEFTLER, Sergeant #92030, all being sued in their individual and official capacities, and M. DAVIS, CPL. #92054, all being sued in their individual and official capacities, | ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by plaintiff Tyler Keup, a pro se litigant who is, according to the court's docket sheet, now incarcerated at the Douglas County Correctional Center in Omaha, Nebraska, but whose Complaint involves the Cass County Jail, where he was previously a detainee. The court has granted Plaintiff permission to proceed in forma pauperis, and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff sues two Cass County Jail employees in their individual and official capacities for violation of Plaintiff's First and Fourteenth Amendment rights. Plaintiff alleges that Defendants refused to send two pieces of Plaintiff's mail out of the jail when the mail was enclosed in envelopes adorned with Plaintiff's artwork, including one envelope that "was painted uniquely with Skittles while the other had some pencil sketchings of hearts and ribbons." (Filing No. 1 at CM/ECF p. 3.) Plaintiff alleges that

Defendants' enforcement of Cass County Jail Policy § 2.1—which provides, "You may not write or draw anything on the outside of the envelope other than the addresses."—violated his right to free expression. (Filing No. [1 at CM/ECF p. 10](#).) Plaintiff asks the court to declare Cass County Jail Policy § 2.1 unconstitutional, enjoin Cass County from including this policy in its "rule book," and award him costs, nominal damages, and punitive damages. (Filing No. [1 at CM/ECF p. 9](#).)

Plaintiff also complains that the Cass County Jail law library "has no case reports available at all," nor a computer on which to perform legal research regarding his First Amendment claim. This, Plaintiff claims, violates his right to access the courts. (Filing No. [1 at CM/ECF pp. 3](#) & 5.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#)*, 550 U.S. 544, 569-70 (2007); *see also [Ashcroft v. Iqbal](#)*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Official-Capacity Claims**

Plaintiff's claims against defendants Leftler and Davis in their official capacities are actually claims against their employer, Cass County, Nebraska. As a municipality, Cass County may only be liable under section 1983 if an official municipal "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff specifically alleges that a Cass County Jail policy, as enforced by Defendants against him, caused the violation of his First and Fourteenth Amendment rights. Therefore, I shall order that Cass County, Nebraska, be added to this case as a defendant, and that Plaintiff's claims against Leftler and Davis in their

3

official capacities be dismissed as duplicative of Plaintiff's claims against Cass County.

### B. Claims for Injunctive & Declaratory Relief

The court's docket sheet indicates that Plaintiff is no longer being detained at the Cass County Jail, making his request for injunctive and declaratory relief moot because he is no longer subject to the allegedly unconstitutional mail policy and law-library conditions at that institution. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claim for injunctive relief to improve prison conditions is moot if he is no longer subject to those conditions; for the same reason, prisoner does not have standing to seek declaratory relief, but prisoner does retain standing to bring claims for monetary damages); *see also Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (plaintiff's transfer to another institution mooted his claims challenging policy at former institution since plaintiff was no longer subject to the allegedly offending policy); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (transfer of plaintiff from one prison to another mooted his claims challenging policies of plaintiff's former prison and conduct of its officials).

Therefore, Plaintiff's claims for injunctive and declaratory relief shall be dismissed, leaving only Plaintiff's claim for monetary damages.

### C. Jail-Policy Claim

Prison inmates "retain[] those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Yang v. Missouri Dep't of Corr.*, 833 F.3d 890, 894 (8th Cir. 2016) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "These include the right to communicate with persons outside the prison walls, subject to regulation that protects legitimate governmental interests." *Id*.

"When a prison regulation impinges on an inmate's ability to communicate with others, it is valid if it is 'reasonably related to legitimate penological objectives.'" *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89, 99 (1987)). In making that determination, a court is to consider the following factors:

> (1) whether the regulation is rationally connected to a legitimate and neutral governmental interest; (2) whether the inmate has an alternative means of exercising the constitutional right; (3) the impact accommodating the inmate's asserted right would have on prison staff, prisoners, and resources; and (4) whether ready alternatives to the regulation exist.

*Id*. The inmate challenging the regulation has the burden of proving that the institution's regulations are unreasonable. *Id*.

In conducting this four-factor analysis, the Eighth Circuit Court of Appeals has decided that:

* Proof that the challenged policy will *actually* further a legitimate interest is not required; rather, the interest being served and the policy must simply have an objectively rational connection.

* An inmate's constitutional right to communicate with persons outside the prison walls can be satisfied by methods of communication other than mail, such as calling them on the telephone or visiting them in person. The alternative means of communication "'need not be ideal.'" *Yang*, 833 F.3d at 895 (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

* "If a ready alternative to the challenged prison regulation exists, the regulation is invalid. The alternative, however, must not impose more than a de minimis cost on the prison system."

*Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1027 (8th Cir. 2004).

Using the liberal construction afforded to pro se litigants' pleadings, the court concludes that Plaintiff alleges a plausible § 1983 claim against Cass County and the individual defendants for enacting and enforcing against Plaintiff an unconstitutional mail policy that prohibited Plaintiff from including artwork on envelopes containing his outgoing mail.

Plaintiff should note that this is not a decision on the merits of his claim, but simply a decision that this claim should not be summarily dismissed on initial review.[1]

---

[1]Challenges to similar jail and prison regulations have been unsuccessful. *See Yang*, 833 F.3d 890 (state prison's policy of censoring mail written in Chinese was reasonably related to legitimate penological objectives); *Ortiz*, 368 F.3d 1024 (state prison's policy of prohibiting inmate plaintiff from writing letters to family in Spanish did not violate First Amendment); *Simpson v. County of Cape Girardeau*, 202 F. Supp. 3d 1062 (E.D. Mo. 2016) (county jail's policy requiring non-privileged incoming mail to be in postcard-only format was reasonably related to legitimate penological interests); *Ware v. Randolph*, No. 07-3013, 2008 WL 4390315, at *7 (C.D. Ill. Sept. 24, 2008) (prison regulation preventing inmates from mailing envelopes with drawings or writing on them other than mailing address, return address, and "privileged" notation did not violate First Amendment because regulation was reasonably related to inmate security and allocation of staff resources and was generally necessary to further those penological interests); *Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp. 2d 915, 927 (N.D. Ind. 1998) ("[T]he court can discern no Constitutionally protected right of expression allowing prisoners to put artwork on outgoing envelopes. The defendants did not censor or otherwise attempt to control the contents of these two letters, and they did not prevent [county jail pretrial detainee] from mailing the letters because they allowed him to remail the two letters in unembellished envelopes.").

### D. Access-to-Courts Claim

Plaintiff next asserts that when he attempted to research his First Amendment claim, he found that the Cass County Jail did not have any case reporters or computerized legal research options. This, Plaintiff maintains, violates his right to access the courts.

It is well established "that prisoners have a constitutional right of access to the courts" which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 821 & 828 (1977). However, to recover for the deprivation of this constitutional right, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, to prevail on an access-to-the-courts claim, a prisoner must establish that he sustained an "actual injury" by demonstrating "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353.

"Actual injury" is not satisfied by demonstrating "just any type of frustrated legal claim." Rather, inmates must only be provided the tools required to pursue direct appeals from convictions for which they are imprisoned, habeas petitions, and actions under 42 U.S.C. § 1983 to vindicate their basic constitutional rights. *Lewis*, 518 U.S. at 354-55 (prisons may not impede an inmate's ability to "attack their sentences, directly or collaterally, and . . . challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

> When any inmate, even an illiterate or non-English-speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is

currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish "*adequate* law libraries or *adequate* assistance from persons trained in the law," *Bounds*, 430 U.S., at 828, 97 S. Ct., at 1498 (emphasis added).

*Lewis*, 518 U.S. at 356.

To successfully state an access-to-the-courts claim, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). The "lost" claim occasioned by the denial of an inmate's access to the courts must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*

Here, Plaintiff contends that the deficiency of legal resources at the Cass County Jail hindered his presentation of his First Amendment claim discussed above. However, Plaintiff has not alleged "actual injury" because he has clearly presented his First Amendment claim to this court, and such claim is proceeding to service of process. Plaintiff has not pled—nor can he—that his claim has been frustrated, impeded, or lost. Therefore, Plaintiff's access-to-the-courts claim will be dismissed.

IT IS ORDERED:

1. The clerk of the court shall add Cass County, Nebraska, as a defendant in this action;

2. Plaintiff's claims against defendants Leftler and Davis in their official capacities are dismissed as duplicative of Plaintiff's claims against Cass County, Nebraska;

3. Plaintiff's claims for injunctive and declaratory relief against all defendants are dismissed;

4. Plaintiff's access-to-the-courts claim is dismissed;

5. This matter may proceed to service of process as to Plaintiff's § 1983 First Amendment claim for money damages against Cass County, Nebraska, and defendants Leftler and Davis in their individual capacities for enacting and enforcing against Plaintiff an unconstitutional mail policy that prohibited Plaintiff from including artwork on envelopes containing his outgoing mail;

6. For service of process on Cass County, Nebraska, the clerk of the court is directed to complete a summons form and a USM-285 form for Cass County, Nebraska, using the address "**Cass County Clerk, 346 Main Street, Plattsmouth, NE 68048**," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Cass County, Nebraska, at the office of the Cass County Clerk, 346 Main Street, Plattsmouth, NE 68048**. Service may also be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk of Cass County, Nebraska. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).[2]

---

[2]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

7.     For service of process on defendants Leftler and Davis in their individual capacities, the clerk of the court is directed to complete a summons form and a USM-285 form for defendant Leftler and defendant Davis using the address "**Cass County Jail, 303 Ave. A, Plattsmouth, NE 68048**," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendants Leftler and Davis personally in their individual capacities at the Cass County Jail, 303 Ave. A, Plattsmouth, NE 68048**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* [Federal Rule of Civil Procedure 4(e)](); [Neb. Rev. Stat. § 25-508.01 (Reissue 2016)]().

8.     [Federal Rule of Civil Procedure 4(m)]() requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

9.     The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

10.    The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the defendants.

11.    The clerk of the court is directed to set the following pro se case management deadline: December 19, 2017—service of process to be completed.

DATED this 21st day of August, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge